# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | |
|---|---|
| KIRK JOHNSTON,<br> *Plaintiff*<br><br>v.<br><br>CHAD KROEGER, MICHAEL KROEGER, RYAN PEAKE, DANIEL ADAIR, ROADRUNNER RECORDS, INC., WARNER/CHAPPELL MUSIC, INC., and LIVE NATION ENTERTAINMENT, INC.,<br> *Defendants* | Case No. 1:20-cv-00497-RP |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

**TO: THE HONORABLE ROBERT PITMAN**
**UNITED STATES DISTRICT JUDGE**

Before the Court are two Motions to Dismiss Plaintiff's Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(6), filed October 22, 2020 by Defendants Chad Kroeger, Michael Kroeger, Ryan Peake, Daniel Adair, Roadrunner Records, Inc., and Warner Chappell Music, Inc. (Dkt. 17) and Defendant Live Nation Entertainment, Inc. (Dkt. 18); Plaintiff's Response in Opposition to All Defendants' Rule 12 Motions to Dismiss, filed December 3, 2020 (Dkt. 21); and the Defendants' reply briefs, both filed December 17, 2020 (Dkts. 23 and 26). On April 8, 2021, the District Court referred the motions to the undersigned Magistrate Judge for Report and Recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72, and Rule 1(d) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas.

## I. Background

Plaintiff Kirk Johnston brings this action for copyright infringement against Defendants Chad Kroeger, Michael Kroeger, Ryan Peake, Daniel Adair, Roadrunner Records, Inc., and Warner Chappell Music, Inc. (collectively, the "Nickelback Defendants") and Live Nation Entertainment, Inc. ("Live Nation"). Johnston alleges that the Nickelback Defendants copied his original musical composition, *Rock Star*, which he wrote in 2001 while a member of the band Snowblind Revival (the "Copyrighted Work"). Complaint, Dkt. 1 ¶ 15. Johnston holds a federal copyright registration for the Copyrighted Work, U.S. Copyright No. PA 2-216-632. *Id.*

From the late 1990s through the early 2000s, Snowblind Revival performed its music for A&R (artists and repertoire) representatives from numerous record labels. *Id.* ¶ 16. Johnston and Snowblind Revival also performed Johnston's original songs in venues around the United States. *Id.* ¶¶ 16-17. In August 2001, Snowblind Revival created a master recording of *Rock Star*, along with three other original songs. *Id.* ¶ 17. The band made fifteen copies of the master recording and sent them to several record labels, including Universal Music Group and Warner Music Group,[1] of which Defendants Roadrunner Records, Inc. and Warner Chappell Music, Inc. are wholly owned indirect subsidiaries. *Id.*; Dkt. 24 at 1; Dkt. 25 at 1. Chad Kroeger, Michael Kroeger, Ryan Peake, and Daniel Adair are members of the band Nickelback, which is signed to Roadrunner Records. Dkt. 1 ¶¶ 3-6; Dkt. 21 at 6 n.1. Plaintiff alleges that the Nickelback Defendants had direct access to Johnston's musical composition *Rock Star* as a result of Snowblind Revival's marketing efforts. Dkt. 1 ¶ 18.

In January 2005, Nickelback released the song *Rockstar* on its album *All the Right Reasons*. *Id.* ¶ 20. The Nickelback band members each are credited as composers and songwriters for

---

[1] Johnston voluntarily dismissed Defendant Warner Music Group on August 10, 2020. Dkts. 9 and 11.

*Rockstar*. *Id.* Johnston alleges that "a substantial amount of the music in *Rockstar* is copied from [his] original composition *Rock Star*," including "the tempo, song form, melodic structure, harmonic structures, and lyrical themes." *Id.* ¶ 23. More than 4.5 million copies of Nickelback's *Rockstar* have been sold since its debut in 2005. *Id.* ¶ 22. Nickelback also has performed *Rockstar* live in concert hundreds of times. *Id.* Live Nation has promoted Nickelback's live concerts at which the song was performed. *Id.* ¶ 11.

Johnston seeks damages for copyright infringement and an injunction against further infringement. *Id.* ¶ 1. The Nickelback Defendants and Live Nation move to dismiss Johnston's Complaint for failure to state a claim.

## II.   Legal Standard

Rule 12(b)(6) allows a party to move to dismiss an action for failure to state a claim on which relief can be granted. In deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim, the court accepts "all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (citation omitted). The Supreme Court has explained that a complaint must contain sufficient factual matter "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

*Twombly*, 550 U.S. at 555 (cleaned up). The court's review is limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint. *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).

### III.    Analysis

There are two types of copyright infringement: direct and secondary. *BWP Media USA, Inc. v. T & S Software Assocs., Inc.*, 852 F.3d 436, 439 (5th Cir. 2017). Direct copyright infringement occurs when a party engages in conduct that violates the exclusive rights of a copyright owner. *Sony Corp. of Am. v. Universal City Studios, Inc.*, 464 U.S. 417, 433 (1984). Secondary liability is a means of holding parties responsible for infringement by others even if they have not engaged in the infringing activity. *Id.* at 435. Secondary infringement occurs when one intentionally induces or encourages infringing acts by others or profits from such acts while declining to exercise a right to stop or limit them. *Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 930 (2005).

**A.  Direct Copyright Infringement**

Defendants argue that Johnston cannot state a claim for copyright infringement because he fails to plead facts showing that they had access to the Copyrighted Work. Defendants also assert that Johnston cannot state a claim for copyright infringement because *Rockstar* is not substantially similar to the Copyrighted Work.

To state a claim for direct copyright infringement under the Copyright Act, a plaintiff must show (1) ownership of a valid copyright, and (2) copying of constituent elements of the plaintiff's work that are original. *Baisden v. I'm Ready Prods., Inc.*, 693 F.3d 491, 499 (5th Cir. 2012). To

show copying, a plaintiff must plead and prove (1) factual copying, and (2) substantial similarity. *Guzman v. Hacienda Recs. & Recording Studio, Inc.*, 808 F.3d 1031, 1037 (5th Cir. 2015).

Factual copying may be inferred from (1) proof that the defendant had access to the copyrighted work prior to creation of the infringing work, and (2) probative similarity. *Id.* Access may be shown if "the person who created the allegedly infringing work had a reasonable opportunity to view [or hear] the copyrighted work." *Batiste v. Lewis*, 976 F.3d 493, 503 (5th Cir. 2020). When access cannot be shown, the plaintiff may prove factual copying "by showing such a striking similarity between the two works that the similarity could only be explained by actual copying." *Armour v. Knowles*, 512 F.3d 147, 152 n.3 (5th Cir. 2007) (internal quotation marks omitted). The works of the copyright holder and the alleged infringer will be deemed probatively similar if they are "adequately similar" when compared as a whole. *Gen. Universal Sys., Inc. v. Lee*, 379 F.3d 131, 141 (5th Cir. 2004).

1. **Access**

Access may be shown if a third party with possession of the Copyrighted Work was concurrently dealing with the copyright owner and alleged infringer. *Am. Registry of Radiologic Technologists v. Bennett*, 939 F. Supp. 2d 695, 704-05 (W.D. Tex. 2013).

Johnston alleges that Snowblind Revival presented the Copyrighted Work to executives from Universal Music Group at in-person meetings and provided them discs containing the song as part of a press kit. Dkt. 1 ¶¶ 16-17. At the time, Nickelback's label, Roadrunner Records, was a wholly owned subsidiary of Universal Music Group. Dkt. 21 at 10 n.1. These facts, taken as true, could have given the Nickelback Defendants a reasonable opportunity to hear Johnston's Copyrighted Work. The Nickelback Defendants do not argue that Johnston has failed to meet the pleading requirements for probative similarity in assessing factual copying.

5

Johnston has alleged facts sufficient to raise his right to relief above the speculative level, which is all that is required at the pleading stage. *Twombly*, 550 U.S. at 570. Accordingly, Johnston has sufficiently pled access to state a claim for copyright infringement against the Nickelback Defendants.

With respect to Live Nation, Johnston does not allege that Live Nation accessed or copied his song, merely that it promoted the Nickelback concerts at which the song was performed. Dkt. 1 ¶ 11. In the absence of an allegation that Live Nation copied his work, Johnston cannot state a claim for direct infringement against Live Nation. The Court therefore recommends that Live Nation's motion to dismiss be granted as to Johnston's direct infringement claim.

**2. Substantial Similarity**

Defendants assert that Johnston cannot state a claim for copyright infringement because "fundamentally, the works at issue are not substantially similar to an ordinary observer." Dkt. 17 at 13. Defendants argue that the works are so dissimilar as to defeat Johnston's claim for copyright infringement as a matter of law. Defendants ask the Court to compare the musical elements of the Copyrighted Work and Nickelback's *Rockstar* and determine that Johnston fails to state a claim. Dkt. 17 at 13-15.

A determination that no substantial similarity exists as a matter of law is appropriate "if the Court can conclude, after viewing the evidence and drawing inferences in a manner most favorable to the nonmoving party, that no reasonable juror could find substantial similarity of ideas and expression." *Gen. Universal Sys.,* 379 F.3d at 142. When the original work and the allegedly infringing work are submitted with the pleadings for side-by-side comparison, the Court may determine non-infringement a matter of law in deciding a Rule 12(b)(6) motion to dismiss. *Rucker v. Harlequin Enters.*, No. H-12-1135, 2013 WL 707922, at *4 (S.D. Tex. Feb. 26, 2013).

6

Johnston alleges that "a substantial amount of the music in *Rockstar* is copied from [his] original composition *Rock Star*," including "substantial portions of the tempo, song form, melodic structure, harmonic structures, and lyrical themes" Dkt. 1 ¶ 23. Johnston also alleges that "[t]he musical and lyrical themes of Nickelback's *Rockstar* is substantially, strikingly similar to Johnston's *Rock Star*. The portions copied are both quantitatively and qualitatively substantial to copyrightable elements of Johnston's *Rock Star*, individually and in combination." *Id.* ¶ 25.

Having listened to the works at issue, Dkts. 17-1 and 17-2, the Court finds that it is possible for a reasonable juror to determine that the works share protectable elements. Whether Johnston will be able to produce evidence that these similarities rise to the level of "substantial" or "striking" in view of the Nickelback Defendants' level of access is yet to be determined. But at the motion to dismiss stage, taking all well-pleaded allegations as true, Johnston has sufficiently pled substantial similarity to the Copyrighted Work. *See Arista Records LLC v. Greubel*, 453 F. Supp. 2d 961, 965 (N.D. Tex. 2006) (stating that copyright infringement claims must satisfy only the minimal notice pleading requirements of Rule 8).

Accordingly, Johnston has stated a claim for direct copyright infringement claim against the Nickelback Defendants. The Court recommends that the Nickelback Defendants' Motion to Dismiss Pursuant to Rule 12(b)(6) be denied.

### B. Secondary Infringement

In its motion, Live Nation argues that Johnston has offered no facts "justifying Live Nation's status as a culpable party in this lawsuit" or that it "in any way specifically violated the Copyright Act." Dkt. 18 at 1. Johnston does not address Live Nation's argument in his Response.

A plaintiff is entitled to plead alternative claims for direct and secondary copyright infringement against a single defendant. *Oppenheimer v. Deiss*, No. A-19-CV-423-LY, 2019

WL 6525188, at *3 (W.D. Tex. Dec. 3, 2019) (citing Fed. R. Civ. P. 8(d)(3)), *R. & R. adopted*, 2020 WL 10056214 (W.D. Tex. Jan. 15, 2020).

To establish a claim for contributory copyright infringement, a copyright owner must show that the defendant, with knowledge of the infringing activity, induced, caused, or materially contributed to the infringing conduct of another. *Alcatel USA, Inc. v. DGI Techs., Inc.*, 166 F.3d 772, 790 (5th Cir. 1999). To state a claim for vicarious infringement, a plaintiff must show that a defendant has (1) a direct financial interest in the infringing activity, and (2) the right and ability to supervise the activity that causes the infringement but declines to stop or limit it. *Grokster*, 545 U.S. at 930. Intent or knowledge of the infringement is not an element of a claim for vicarious liability. *Id.* at n.9; *UMG Recordings, Inc. v. Grande Commc'ns Networks, LLC*, No. A-17-CA-365-LY, 2018 WL 1096871, at *9 (W.D. Tex. Feb. 28, 2018), *R. & R. adopted*, 2018 WL 2182282 (W.D. Tex. Mar. 26, 2018).

Johnston has not alleged facts showing that Live Nation (1) knew or had reason to know of the Nickelback Defendants' allegedly infringing activity, and (2) induced, caused, or materially contributed to the Nickelback Defendants' allegedly infringing conduct. Johnston alleges only that "Live Nation has promoted and continues to promote live concerts for [Warner Music Group] and the Nickelback Defendants, including performance of the infringing *Rockstar* song." Dkt. 1 ¶ 11. Viewed in a light most favorable to Johnston, the Complaint lacks any factual allegations that would allow a reasonable inference that Live Nation was aware of and materially contributed to infringing activity. Therefore, Johnston has not sufficiently pled a claim for contributory infringement against Live Nation.

Johnston also fails to state a claim for vicarious liability against Live Nation. He alleges no facts showing that Live Nation, in executing its promotional activities, had the right and ability to

supervise or control Nickelback's performance of *Rockstar*. *See Montes v. Live Nation*, No. 2:18-cv-01150-SVW-JEM, 2018 WL 4964323, at *4 (C.D. Cal. May 9, 2018) (dismissing vicarious infringement claim because plaintiff failed to allege that concert promoter had right and ability to supervise infringing activity). Nor has Johnston alleged that Live Nation owned or managed a concert venue at which the infringement took place, which would give it the right to supervise the performance. *See EMI April Music v. Jet Rumeurs, Inc.*, 632 F. Supp. 2d 619, 623 (N.D. Tex. 2008) (entering default judgment against club owner on vicarious liability for infringing performance because plaintiff alleged right and ability to control activities at venue). Without allegations that would support an inference that Live Nation had right or ability to supervise the Nickelback Defendants' allegedly infringing activity, Johnston has not stated a claim for vicarious infringement. Accordingly, the Court recommends that Johnston's claims for contributory and vicarious infringement against Live Nation be dismissed for failure to state a claim.

## C.  Johnston's Request for Leave to Amend

In his Response, Johnston seeks leave to file an amended complaint if the Court finds his pleadings deficient. Dkt. 21 at 5, 14-15. Courts should freely grant leave to amend when justice so requires. Fed. R. Civ. P. 15(a)(2). Courts should deny leave to amend when amendment would cause undue delay or undue prejudice to the opposing party, or the amendment would be futile or in bad faith. *Mayeaux v. La. Health Serv. & Indem. Co.*, 376 F.3d 420, 425 (5th Cir. 2004). Amendment is futile where it "would fail to state a claim upon which relief could be granted." *Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 872-73 (5th Cir. 2000).

Johnston offers no additional facts to cure the defects in his allegations against Live Nation and adequately state a sufficient claim. Dkt. 21 at 5, 14-15. Therefore, the Court is unable to assess whether amendment is warranted. *See Edionwe v. Bailey*, 860 F.3d 287, 294 (5th Cir. 2017)

(holding that leave to amend is not required where movant fails to apprise court of facts he would plead in amended complaint to cure any deficiencies). Accordingly, the Court recommends denying Johnston's request for leave to amend.

## IV. Recommendation

Based on the foregoing, the undersigned **RECOMMENDS** that the District Court **DENY** Defendants Chad Kroeger, Michael Kroeger, Ryan Peake, Daniel Adair, Roadrunner Records, Inc., and Warner Chappell Music, Inc.'s Motion to Dismiss Plaintiff's Complaint Pursuant to FRCP 12(b)(6) (Dkt. 17).

The undersigned **FURTHER RECOMMENDS** that the District Court **GRANT** Defendant Live Nation Entertainment, Inc.'s Motion to Dismiss Plaintiff's Complaint Pursuant to FRPC 12(b)(6) (Dkt. 18) and dismiss all claims against Live Nation.

The undersigned **FURTHER RECOMMENDS** that the District Court **DENY** Plaintiff's request for leave to amend his Complaint (Dkt. 21 at 5, 14-15).

It is **FURTHER ORDERED** that the Clerk remove this case from the Magistrate Court's docket and **RETURN** it to the docket of the Honorable Robert Pitman.

## V. Warnings

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and,

except on grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED** on August 11, 2021.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE