UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| KIRK JOHNSTON, | § § § | |
| Plaintiff, | § § | NO. 20-CV-00497-RP |
| v. | § § | |
| CHAD KROEGER, MICHAEL KROEGER, RYAN PEAKE, DANIEL ADAIR, WARNER MUSIC GROUP, ATLANTIC RECORDING CORP., ROADRUNNER RECORDS, INC., WARNER/CHAPPELL MUSIC, INC., AND LIVE NATION ENTERTAINMENT, INC., | § § § § § § § § | |
| Defendants. | § | |

## ANSWER TO PLAINTIFF'S ORIGINAL COMPLAINT

Defendants Chad Kroeger, Michael Kroeger, Ryan Peake, Daniel Adair (who collectively perform as the musical group p/k/a "Nickelback"), Roadrunner Records, Inc. ("Roadrunner"), and Warner Chappell Music, Inc. (erroneously sued as Warner/Chappell Music, Inc.) ("Warner Chappell," and, collectively with Nickelback and Roadrunner, "Defendants"), by and through their undersigned counsel, hereby set forth their Answer and Affirmative Defenses to the Original Complaint (the "Complaint") filed against them by Plaintiff Kirk Johnston ("Plaintiff") in the above-styled civil action and respond as follows:

## NATURE OF THE CASE[1]

1.  Defendants admit that Plaintiff purports to bring a claim for copyright infringement under 17 U.S.C. § 101, *et seq.* Defendants specifically deny that they are liable to Plaintiff under the Copyright Act (17 U.S.C. § 101, *et seq.*), or under any other theory of

---

[1] Defendants reproduce the headings of the Complaint for the Court's convenience and without admitting any allegations that may be contained therein. To the extent that any of the headings of the Complaint contain factual allegations, Defendants deny each and every allegation contained therein.

liability. Except as expressly admitted, alleged or denied, Defendants deny each and every allegation contained in Paragraph 1 of the Complaint.

## PARTIES

2. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2 of the Complaint, and on that basis deny each and every allegation contained therein.

3. Defendants admit that Chad Kroeger is a resident of Canada, is a member of the band known as "Nickelback," is credited as a writer of the musical composition *Rockstar*, is a performer on the sound recording of *Rockstar* on Nickelback's Album *All the Right Reasons*, and has publicly performed *Rockstar* and authorized its reproduction, distribution and public performance. Defendants specifically deny that *Rockstar* infringes Plaintiff's copyright, or any other of Plaintiff's alleged rights whatsoever. Except as expressly admitted, alleged or denied, Defendants deny each and every allegation contained in Paragraph 3 of the Complaint.

4. Defendants admit that Ryan Peake is a resident of Canada, is a member of the band known as "Nickelback," is credited as a writer of the musical composition *Rockstar*, is a performer on the sound recording of *Rockstar* on Nickelback's Album *All the Right Reasons*, and has publicly performed *Rockstar* and authorized its reproduction, distribution and public performance. Defendants specifically deny that *Rockstar* infringes Plaintiff's copyright, or any other of Plaintiff's alleged rights whatsoever. Except as expressly admitted, alleged or denied, Defendants deny each and every allegation contained in Paragraph 4 of the Complaint.

5. Defendants admit that Michael Kroeger is a member of the band known as "Nickelback," is credited as a writer of the musical composition *Rockstar*, is a performer on the sound recording of *Rockstar* on Nickelback's Album *All the Right Reasons*, and has publicly performed *Rockstar* and authorized its reproduction, distribution and public performance. Defendants specifically deny that *Rockstar* infringes Plaintiff's copyright, or any other of

Plaintiff's alleged rights whatsoever.  Except as expressly admitted, alleged or denied, Defendants deny each and every allegation contained in Paragraph 5 of the Complaint.

6. Defendants admit that Daniel Adair is a resident of Canada, is a member of the band known as "Nickelback," is credited as a writer of the musical composition *Rockstar*, is a performer on the sound recording of *Rockstar* on Nickelback's Album *All the Right Reasons*, and has publicly performed *Rockstar* and authorized its reproduction, distribution and public performance.  Defendants specifically deny that *Rockstar* infringes Plaintiff's copyright, or any other of Plaintiff's alleged rights whatsoever.  Except as expressly admitted, alleged or denied, Defendants deny each and every allegation contained in Paragraph 6 of the Complaint.

7. Defendants deny each and every allegation contained in Paragraph 7 of the Complaint.

8. Defendants admit that Atlantic Recording Corporation ("Atlantic") is a Delaware Corporation, with a principal place of business in New York City, New York, and is a record company engaged in the business of developing artists and creating, manufacturing, selling, and distributing sound recordings.  Except as expressly admitted, alleged or denied, Defendants deny each and every allegation contained in Paragraph 8 of the Complaint.

9. Defendants admit that Roadrunner is a New York corporation, with a principal place of business in New York City, New York.  Defendants specifically deny that *Rockstar* infringes Plaintiff's copyright, or any other of Plaintiff's alleged rights whatsoever.  Except as expressly admitted, alleged or denied, Defendants deny each and every allegation contained in Paragraph 9 of the Complaint.

10. Defendants admit and allege that Warner Chappell is a Delaware corporation, with a principal place of business in Los Angeles, California, and is a music publishing company that is involved in licensing musical compositions and acquiring rights to musical compositions.  Except as expressly admitted, alleged or denied, Defendants deny each and every allegation contained in Paragraph 10 of the Complaint.

11. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11 of the Complaint, and on that basis deny each and every allegation contained therein.

## JURISDICTION AND VENUE

12. Defendants admit that Plaintiff purports to base subject matter jurisdiction in this action on 28 U.S.C. §1331 and §1338(a).  Defendants specifically deny that they are liable to Plaintiff under the Copyright Act, or under any other theory of liability.  Except as expressly admitted, alleged or denied, Defendants deny each and every allegation contained in Paragraph 12 of the Complaint.

13. Defendants admit that Plaintiff purports to assert venue under 28 U.S.C. § 1400(a), and purports to claim personal jurisdiction under the Texas long arm statute, Tex. Civ. Prac. & Rem. Code §17.042.  Defendants specifically deny that *Rockstar* infringes Plaintiff's copyright, or any other of Plaintiff's alleged rights whatsoever, and further specifically deny that they have engaged in any infringing activity whatsoever.  Except as expressly admitted, alleged or denied, Defendants deny each and every allegation contained in Paragraph 13 of the Complaint.

## OWNERSHIP OF *ROCK STAR*

14. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14 of the Complaint, and on that basis deny each and every allegation contained therein.

15. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15 of the Complaint, and on that basis deny each and every allegation contained therein.

16. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16 of the Complaint, and on that basis deny each and every allegation contained therein.

17. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17 of the Complaint, and on that basis deny each and every allegation contained therein.

18. Defendants deny each and every allegation contained in Paragraph 18 of the Complaint.

19. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19 of the Complaint, and on that basis deny each and every allegation contained therein.

## DEFENDANTS' INFRINGEMENT OF *ROCK STAR*

20. Defendants admit and allege that, on October 4, 2005, Nickelback released the album *All the Right Reasons*, which included the sound recording entitled *Rockstar*. Defendants further admit and allege that each of Chad Kroeger, Michael Kroeger, Ryan Peake and Daniel Adair is credited as a writer, producer, and performer of *Rockstar*. Except as expressly admitted, alleged or denied, Defendants deny each and every allegation contained in Paragraph 20 of the Complaint.

21. Defendants admit that *All the Right Reasons* has sold millions of copies worldwide. Except as expressly admitted, alleged, or denied, Defendants deny each and every allegation contained in Paragraph 21 of the Complaint.

22. Defendants admit that the sound recording of *Rockstar* released as a single has sold millions of copies worldwide, and further admit that Nickelback has performed *Rockstar* hundreds of times live in concert. Except as expressly admitted, alleged or denied, Defendants deny each and every allegation contained in Paragraph 22 of the Complaint.

23. Defendants deny each and every allegation contained in Paragraph 23 of the Complaint, and specifically deny that they copied anything from Plaintiff's composition *Rock Star*, or infringed Plaintiff's alleged rights in any way whatsoever.

24. Defendants deny each and every allegation contained in Paragraph 24 of the Complaint.

25. Defendants deny each and every allegation contained in Paragraph 25 of the Complaint, and specifically deny that they copied anything from Plaintiff's composition *Rock Star*, or infringed Plaintiff's alleged rights in any way whatsoever.

26. Defendants admit that they never obtained permission from Plaintiff to use his composition *Rock Star*; Defendants deny that any such permission was necessary. Defendants specifically deny that they copied anything from Plaintiff's composition *Rock Star*, or infringed Plaintiff's alleged rights in any way whatsoever. Except as expressly admitted, alleged or denied, Defendants deny each and every allegation contained in Paragraph 26 of the Complaint.

27. Defendants admit that they never obtained permission from Plaintiff to use his composition *Rock Star*; Defendants deny that any such permission was necessary. Defendants specifically deny that they copied anything from Plaintiff's composition *Rock Star*, or infringed Plaintiff's alleged rights in any way whatsoever. Except as expressly admitted, alleged or denied, Defendants deny each and every allegation contained in Paragraph 27 of the Complaint.

28. Defendants admit that certain of them have licensed, reproduced, copied, distributed, sold, broadcast, publicly performed and/or authorized the reproduction, distribution and public performance of *Rockstar*, and further admit that certain of them continue to exploit the album *All the Right Reasons* and the digital sound recording of *Rockstar*. Defendants specifically deny that *Rockstar* infringes Plaintiff's copyright, or any other of Plaintiff's alleged rights whatsoever. Except as expressly admitted, alleged or denied, Defendants deny each and every allegation contained in Paragraph 28 of the Complaint.

## DISCOVERY RULE

29. Defendants lack information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 29 of the Complaint, and on that basis deny each and every allegation contained therein. Defendants deny each and every remaining allegation

contained in Paragraph 29 of the Complaint, and specifically deny that they copied anything from Plaintiff's composition *Rock Star*, or infringed Plaintiff's alleged rights in any way whatsoever.

30. Defendants deny each and every allegation contained in Paragraph 30 of the Complaint, and specifically deny that they infringed Plaintiff's alleged rights in any way, and that Plaintiff is entitled to any relief whatsoever.

## INFRINGEMENT OUTSIDE OF THE UNITED STATES

31. Defendants deny each and every allegation contained in Paragraph 31 of the Complaint, and specifically deny that they stole, misappropriated or copied anything from Plaintiff's composition *Rock Star*, or infringed Plaintiff's alleged rights in any way whatsoever.

32. Defendants lack information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 32 of the Complaint, and on that basis deny each and every allegation contained therein. Defendants deny each and every remaining allegation contained in Paragraph 32 of the Complaint, and specifically deny that they infringed Plaintiff's alleged rights in any way whatsoever.

33. Defendants admit that Roadrunner, Warner Chappell, and Atlantic maintain their principal places of business in the United States. Except as expressly admitted, alleged or denied, Defendants deny each and every allegation contained in Paragraph 33 of the Complaint, and specifically deny that they infringed Plaintiff's alleged rights in any way whatsoever.

## FIRST CAUSE OF ACTION

### Copyright Infringement, 17 U.S.C. §101 *et. seq.*

34. Defendants reallege and incorporate herein by reference their responses to Paragraphs 1 through 33 as though set forth in full.

35. Defendants deny each and every allegation contained in Paragraph 35 of the Complaint, and specifically deny that they infringed Plaintiff's alleged rights in any way.

36. Defendants deny each and every allegation contained in Paragraph 36 of the Complaint, and specifically deny that they infringed Plaintiff's alleged rights in any way.

37. Defendants deny each and every allegation contained in Paragraph 37 of the Complaint, and specifically deny that they infringed Plaintiff's alleged rights in any way.

38. Defendants deny each and every allegation contained in Paragraph 38 of the Complaint, and specifically deny that they infringed Plaintiff's alleged rights in any way.

39. Defendants deny each and every allegation contained in Paragraph 39 of the Complaint. Defendants specifically deny: (i) that they infringed Plaintiff's alleged rights in any way; (ii) that they have committed any wrongful act or act that has caused, is causing, or will cause any injury or damage to Plaintiff whatsoever; and (iii) that Plaintiff is entitled to any relief of whatever nature.

40. Defendants deny each and every allegation contained in Paragraph 40 of the Complaint. Defendants specifically deny: (i) that they infringed Plaintiff's alleged rights in any way; (ii) that they have committed any wrongful act or act that has caused, is causing, or will cause any injury or damage to Plaintiff whatsoever; (iii) that Plaintiff is entitled to general damages or special damages; and (iv) that Plaintiff is entitled to any relief of whatever nature.

41. Defendants deny each and every allegation contained in Paragraph 41 of the Complaint. Defendants specifically deny: (i) that they infringed Plaintiff's alleged rights in any way; (ii) that they have committed any wrongful act or act that has caused, is causing, or will cause any injury or damage to Plaintiff whatsoever; (iii) that Plaintiff is entitled to disgorgement of Defendants' profits; and (iv) that Plaintiff is entitled to any relief of whatever nature.

42. Defendants deny each and every allegation contained in Paragraph 42 of the Complaint. Defendants specifically deny: (i) that they infringed Plaintiff's alleged rights in any way; (ii) that they have committed any wrongful act or act that has caused, is causing, or will cause any injury or damage to Plaintiff whatsoever; (iii) that Plaintiff is entitled to attorneys' fees; and (iv) that Plaintiff is entitled to any relief of whatever nature.

## DEMAND FOR JURY TRIAL

43. Paragraph 43 contains no allegations to which a response is required. To the extent a response is required, Defendants admit that Plaintiff requests a trial by jury.

## AFFIRMATIVE DEFENSES

As separate and distinct affirmative defenses to Plaintiff's alleged claim for relief, Defendants allege the following, without admission that such allegations are affirmative defenses on which Defendants bear the burden of proof.

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

1. The Complaint fails to state facts sufficient to constitute a claim for relief.

## SECOND AFFIRMATIVE DEFENSE

### (Prior Art; Public Domain)

2. Plaintiff's claim is barred, in whole or in part, because the elements of his musical composition *Rock Star* exist in prior art or are in the public domain, and thus cannot give rise to a copyright claim.

## THIRD AFFIRMATIVE DEFENSE

### (No Originality)

3. All or some of the elements of Plaintiff's work *Rock Star* that Plaintiff claims are infringed by Defendants' work *Rockstar* lack originality and are thus not protectable by copyright.

## FOURTH AFFIRMATIVE DEFENSE

### (Independent Creation)

4. Defendants' work *Rockstar* was independently created without reference to Plaintiff's work *Rock Star*.

## FIFTH AFFIRMATIVE DEFENSE

### (De Minimis)

5. Plaintiff's claim fails because, to the extent any protectable expression contained in Plaintiff's work was used by Defendants, such use was *de minimis*.

## SIXTH AFFIRMATIVE DEFENSE

### (Fair Use)

6. Plaintiff's claim fails because, to the extent Plaintiff's composition *Rock Star* contains any protectable expression that was used by Defendants, such use is protected, and not actionable, under the doctrine of fair use.

## SEVENTH AFFIRMATIVE DEFENSE

### (Estoppel)

7. To the extent any of the acts alleged in the Complaint occurred, Plaintiff is estopped by his own conduct from maintaining his claim, and thus the recovery sought by Plaintiff is barred in whole or in part.

## EIGHTH AFFIRMATIVE DEFENSE

### (Waiver)

8. To the extent any of the acts alleged in the Complaint occurred, Plaintiff has, through his own actions, conduct, and failure to act, waived any right to relief.

## NINTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

9. To the extent any of the acts alleged in the Complaint occurred, Plaintiff's claim is barred as a result of Plaintiff's unclean hands.

## TENTH AFFIRMATIVE DEFENSE

### (Authorization, License, Acquiescence, Ratification, Consent)

10. To the extent any of the acts alleged in the Complaint occurred, those acts were authorized, licensed, acquiesced in, ratified, or consented to by Plaintiff, by implication or by conduct.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

11. Plaintiff's claim is barred, in whole or in part, by his failure to mitigate.

## TWELFTH AFFIRMATIVE DEFENSE

### (Good Faith)

12. To the extent Defendants engaged in any act alleged by Plaintiff, they did so innocently and in good faith.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

13. Plaintiff's claim is barred, in whole or in part, by the applicable statute of limitations.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (No Valid Copyright)

14. Plaintiff's claim is barred, in whole or in part, because Plaintiff does not own a copyright in Plaintiff's work *Rock Star*, or Plaintiff's purported copyright is invalid and/or unenforceable.

## RESERVATION

15. Defendants reserve the right to assert additional affirmative defenses.

## PRAYER FOR RELIEF

WHEREFORE, Defendants demand: that Plaintiff takes nothing by his Complaint, and that his First Cause of Action be dismissed with prejudice; that Defendants recover their attorneys' fees and costs incurred herein from Plaintiff pursuant to 17 U.S.C. § 505; and such other relief as the Court deems just and proper.

Dated: September 9, 2021                    Respectfully Submitted,

**MITCHELL SILBERBERG & KNUPP LLP**

By: _____
David A. Steinberg (*pro hac vice*)
Emily F. Evitt (*pro hac vice*)
2049 Century Park East, 18th Floor
Los Angeles, CA 90067
Telephone: 310.312.2000
Email: *das@msk.com; efe@msk.com*
**Counsel for Defendants**

**BAKER DONELSON BEARMAN,
CALDWELL & BERKOWITZ, P.C.**

By: /s/ Kenneth E. McKay_____
Kenneth E. McKay
Texas State Bar No. 13690835

        1301 McKinney St.
        Houston, Texas 77010
        Telephone: 713.286.7179
        Fax: 713.583.4603
        Email: *kmckay@bakerdonelson.com*
        Counsel for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that on September 9, 2021, the foregoing document was served via the Court's CM/ECF system and in accordance with the Federal Rules of Civil Procedure on the following counsel:

**COUNSEL FOR PLAINTIFF KIRK JOHNSTON**

>Sesha Kalapatapu
>2929 Allen Parkway, Suite 200
>Houston, TX 77019
>Telephone: 832.398.1771
>Fax: 713.574.4719
>Email: sesha@sktexaslaw.com

>Jeffrey J. Phillips
>811 Main Street, Suite 2900
>Houston, TX 77002
>Telephone: 713.437.1864
>Fax: 713.437.1810
>Email: jphillips@joneswalker.com

_____
David A. Steinberg