UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| KIRK JOHNSTON,<br>   *Plaintiff*<br><br>v.<br><br>CHAD KROEGER, MICHAEL<br>KROEGER, RYAN PEAKE,<br>DANIEL ADAIR, ROADRUNNER<br>RECORDS, INC., and<br>WARNER/CHAPPELL MUSIC, INC.,<br>   *Defendants* | §<br>§<br>§<br>§<br>§<br>§    Case No. 1:20-cv-00497-RP<br>§<br>§<br>§ |

### ORDER

Before the Court is Plaintiff's Motion to Compel Discovery, filed July 22, 2022 (Dkt. 40); Defendants' Response to Plaintiff's Motion to Compel Discovery, filed August 1, 2022 (Dkt. 43); and Plaintiff's Reply, filed August 8, 2022 (Dkt. 44). On July 25, 2022, the District Court referred Plaintiff's Motion to the undersigned Magistrate Judge for disposition, pursuant to 28 U.S.C. § 636(b)(1)(A), Federal Rule of Civil Procedure 72, and Rule 1(c) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas ("Local Rules").

### I.   Background

Plaintiff Kirk Johnston brings this copyright infringement case against Defendants Chad Kroeger, Michael Kroeger, Ryan Peake, Daniel Adair, Roadrunner Records, Inc., and Warner Chappell Music, Inc. Defendants are the individual members of the group Nickelback and the record label and musical publishing company that distribute Nickelback's work. Johnston alleges that Nickelback's song *Rockstar*, released in 2005, copied Johnston's original musical composition *Rock Star*, which he wrote in 2001 while a member of the band Snowblind Revival. Plaintiff now moves the Court to compel Defendants to answer certain of his discovery requests.

1

## II.     Legal Standards

Under Federal Rule of Civil Procedure 26(b)(1), parties may obtain discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Generally, the scope of discovery is broad. *Crosby v. La. Health Serv. & Indem. Co.*, 647 F.3d 258, 262 (5th Cir. 2011). "A discovery request is relevant when the request seeks admissible evidence or 'is reasonably calculated to lead to the discovery of admissible evidence.'" *Id.* (quoting *Wiwa v. Royal Dutch Petrol. Co.*, 392 F.3d 812, 820 (5th Cir. 2004)). Information within the scope of discovery need not be admissible in evidence to be discoverable. FED. R. CIV. P. 26(b)(1).

After a party has attempted in good faith to obtain discovery without court action, that party may move for an order compelling disclosure or discovery. FED. R. CIV. P. 37(a)(1). "The Court must balance the need for discovery by the requesting party and the relevance of the discovery to the case against the harm, prejudice, or burden to the other party." *Cmedia, LLC v. LifeKey Healthcare, LLC*, 216 F.R.D. 387, 389 (N.D. Tex. 2003) (citing *Truswal Sys. Corp. v. Hydro-Air Eng'g, Inc.*, 813 F.2d 1207, 1210 (Fed. Cir. 1987)).

## III.     Analysis

It is not entirely clear precisely what relief Plaintiff seeks through his Motion to Compel. Plaintiff failed to file a Proposed Order, and in his conclusion he "requests that the Court deny all Defendants' Rule 12 motions to dismiss this case." Dkt. 40 at 16. No such motions are pending. In addition, much of the Motion appears to be mooted by Defendants' subsequent production, and it significantly exceeds the 10-page limit. Local Rule CV-7(c)(2). Nonetheless, the Court proceeds to address in turn each category covered in Plaintiff's Motion.

**A. General Objections**

Plaintiff first asks the Court to overrule all of Defendants' general objections to his interrogatories and requests for production, contending that they "should be deemed waived." Dkt. 40 at 5. Defendants respond that "there is no dispute" involving their general objections. Dkt. 43 at 3 n.3. The Court agrees with Defendants that Plaintiff has identified no such dispute and **DENIES** his request to overrule or deem waived all of Defendant' general objections.

**B. Defendants' Corporate Structure**

Next, Plaintiff asks the Court to compel document production and interrogatory responses pertaining to "the relationship between the Individual Defendants and the corporate Defendants, as well as the relationship(s) among the corporate defendants and other entities formerly related to same." Dkt. 40 at 5. Defendants contend that this portion of the Motion to Compel is moot.

Defendants produced documents on June 30, 2022. Evitt Decl., Dkt. 43-1 ¶ 4. On July 21, 2022, Plaintiff's counsel emailed Defendants' counsel and "advised that he planned to file a motion to compel discovery later that day," although Defendants represent that Plaintiff had not previously "voiced any concerns about Defendants' June 30 document production." *Id.* ¶ 5. Defendants served supplemental discovery responses on July 29, 2022, and asked Plaintiff to withdraw this section of his Motion to Compel, but he declined. *Id.* ¶¶ 6-7. Apparently in lieu of reviewing the supplemental discovery, Plaintiff in his Reply (filed August 8, 2022) asks the Court to grant the Motion to Compel, submitting: "To the extent that Defendants have complied with the request, nothing further will be necessary." Dkt. 44 at 2. On August 2, 2022, Defendants attempted to send several documents to the Court by email for *in camera* review.

Both parties' actions are improper. Defendants shall not email documents to the Court unless ordered to do so. Plaintiff, in turn, is noncompliant with Local Rule CV-7(g), which states:

3

> The court may refuse to hear or may deny a nondispositive motion unless the movant advises the court within the body of the motion that counsel for the parties have conferred in a good-faith attempt to resolve the matter by agreement and certifies the specific reason that no agreement could be made.

Plaintiff makes the blanket statement in his opening brief that he "has engaged in multiple conversations with Defendants via written correspondence, e-mail and telephone conference regarding Defendants' improper objections, but certain issues still remain." Dkt. 40 at 1. But at least with respect to Defendants' corporate structure, Plaintiff apparently failed to sufficiently confer with Defendants "in a good-faith attempt to resolve the matter by agreement and certif[y] the specific reason that no agreement could be made" before filing his Motion, as required by Local Rule CV-7(g); nor did Plaintiff ascertain whether Defendants' supplemental production satisfies the corporate structure category of his Motion to Compel before filing his Reply. Rather, it appears that the parties consider it to be the Court's role to review Defendants' supplemental production in the first instance and determine whether it fulfills Plaintiff's discovery requests. They are mistaken.

Plaintiff's Motion to Compel is **DENIED** as to discovery pertaining to Defendants' corporate structure for failure to comply with Local Rule CV-7(g). Any future motions that fail to comply fully with the Local Rules may be denied as well.

### C. Financial Documents

Plaintiff asks the Court to compel Defendants to produce financial information from before June 2017 and outside the United States, as well as all of Nickelback's live performance set lists since 2006.

4

1. **Financial Information Before June 2017**

Plaintiff seeks "discovery regarding the gross receipts realized by Defendants on the infringing work." Dkt. 40 at 11. Defendants produced a one-page summary of U.S. earnings for Nickelback's *Rockstar* from the second quarter of 2017 through the fourth quarter of 2021. Dkt. 40-5.[1] Defendants argue that they need not produce earlier financial information because Plaintiff filed this action on May 8, 2020, and his damages are limited by the Copyright Act's three-year statute of limitations.

For the purpose of deciding Plaintiff's Motion to Compel, the undersigned agrees with Defendants that the Supreme Court addressed this question in *Petrella v. Metro-Goldwyn-Mayer, Inc.*, 572 U.S. 663 (2014), in which the Court resolved a conflict among the circuit courts of appeals by determining that laches may not be invoked to bar a claim for damages brought within the Copyright Act's three-year limitations period, codified at 17 U.S.C. § 507(b). Recognizing that the statute of limitations "itself takes account of delay," the Court wrote that "a successful plaintiff can gain retrospective relief only three years back from the time of suit. No recovery may be had for infringement in earlier years. Profits made in those years remain the defendant's to keep." *Petrella*, 572 U.S. at 677.

Plaintiff argues that because he never heard Nickelback's *Rockstar* until 2018, his claim did not accrue until then under the "discovery rule" applied in the Fifth Circuit Court of Appeals. Dkt. 40 at 12. The Supreme Court did not reach the discovery rule in *Petrella*, noting that: "Although we have not passed on the question, nine Courts of Appeals have adopted . . . a discovery rule, which starts the limitations period when the plaintiff discovers, or with due

---

[1] Plaintiff filed a redacted version of this document but failed to file a sealed version and motion to seal. The redacted contents have no bearing on the Court's analysis of Plaintiff's Motion to Compel.

diligence should have discovered, the injury that forms the basis for the claim." *Id.* at 670 n.4 (internal quotation marks omitted); *see also SCA Hygiene Prods. A.G. v. First Qual. Baby Prods., LLC*, 137 S. Ct. 954, 962 (2017):

> While some claims are subject to a "discovery rule" under which the limitations period begins when the plaintiff discovers or should have discovered the injury giving rise to the claim, that is not a universal feature of statutes of limitations. And in *Petrella,* we specifically noted that "we have not passed on the question" whether the Copyright Act's statute of limitations is governed by such a rule. (citations omitted).

The parties agree that the Fifth Circuit has not yet interpreted the three-year damages lookback articulated by the Supreme Court in *Petrella*. Plaintiff correctly argues that the Fifth Circuit has continued to apply the discovery rule in copyright cases after *Petrella*, citing *Graper v. Mid-Continent Cas. Co.*, 756 F.3d 388, 393 & n.5 (5th Cir. 2014) ("A claim accrues once the plaintiff knows or has reason to know of the injury upon which the claim is based.") (cleaned up), and the unpublished decision *Aspen Tech., Inc. v. M3 Tech., Inc.*, 569 F. App'x 259, 264 (5th Cir. 2014); *see also Stross v. Hearst Commc'ns, Inc.*, No. SA-18-CV-01039-JKP, 2020 WL 5250579, at *8 (W.D. Tex. Sept. 3, 2020) (distinguishing *Petrella* and applying discovery rule to determine accrual of copyright infringement claim).

The undersigned finds that Plaintiff's argument as to when his claim accrued does not resolve the issue raised by his Motion to Compel: the proper scope of discovery regarding the damages available should he prevail. While recognizing that the Ninth Circuit recently held that *Petrella* is not relevant to cases applying the discovery rule, *Starz Ent., LLC v. MGM Domestic Television Distrib., LLC*, 39 F.4th 1236, 1244 (9th Cir. 2022), as to disposition of this Motion, the undersigned agrees with the Second Circuit's reasoning in *Sohm v. Scholastic Inc.*, 959 F.3d 39, 52 (2d Cir. 2020), and applies *Petrella* as binding precedent. The *Sohm* court determined that "*Petrella*'s plain language explicitly dissociated the Copyright Act's statute of limitations from its

6

time limit on damages," and that the Supreme Court "delimited damages to the three years prior to the commencement of a copyright infringement action." *Id.* at 51, 52. Accordingly, the Second Circuit held that courts must apply "a three-year lookback period from the time a suit is filed to determine the extent of the relief available." 959 F.3d at 52. The *Sohm* court also reaffirmed the "continuing propriety of the discovery rule" in the Second Circuit. *Id.* at 50.

Based on careful consideration of the evidence and arguments presented by the parties and the relevant case law, and accepting as true Plaintiff's allegation that his copyright infringement claim did not accrue until 2018 pursuant to the discovery rule, under *Petrella*, Plaintiff's damages are limited to the three years before he filed this lawsuit – i.e., since May 8, 2017. Discovery concerning Defendants' earnings from *Rockstar* before May 8, 2017 thus is neither relevant to Plaintiff's claims nor proportional to the needs of this case under Rule 26(b)(1). Therefore, Plaintiff's Motion to Compel financial information from before May 8, 2017 is **DENIED**. The Court also **DENIES** as unduly burdensome Plaintiff's request to compel Defendants to produce the "information, data and records supporting the numbers reflected on" the financial summary they have produced. Dkt. 40 at 12; Dkt. 40-5.

### 2. Financial Information from Outside the United States

Plaintiff also seeks to compel discovery in response to requests for production relating to foreign sales, revenues, and profits from Nickelback's *Rockstar*. Defendants respond that: "Even if Plaintiff could establish liability, his damages would be limited to U.S. acts of infringement, and his discovery should be cabined accordingly." Dkt. 43 at 7. Defendants point out that a plaintiff generally is not entitled to damages for extraterritorial copyright infringement. *Id.* Plaintiff, however, contends that the "predicate act doctrine" applies to this case and allows his recovery of damages from copyright violations outside the United States linked to predicate acts of

infringement within this country. Dkt. 40 at 13-14. Defendants agree that the predicate act doctrine is "the exception to the rule precluding extraterritorial application of the Copyright Act," but contend that no such predicate act exists in this case. Dkt. 43 at 7. Defendants further argue that "the burden imposed from international discovery is high as it would require Defendants to collect financial information from dozens of foreign territories covering nearly twenty years, and far outweighs its relevance given that Plaintiff is not entitled to recover extraterritorial damages." *Id.* at 8-9.

The undersigned Magistrate Judge finds that it would be beyond the scope of Plaintiff's Motion to Compel to determine whether the predicate act doctrine may apply in this case and permit damages for alleged extraterritorial infringement. At this stage of the proceeding, the Court finds that discovery of financial information related to Nickelback's *Rockstar* outside the United States may be relevant to Plaintiff's claims and thus falls within the broad scope of discovery. *Crosby*, 647 F.3d at 262. Consistent with the preceding subsection of this Order, however, such discovery should be limited to the three-year lookback period for damages in this case, i.e., since May 8, 2017. The fact that international financial discovery is limited to the past five years undercuts Defendants' argument that such discovery would be overly burdensome.

For these reasons, Plaintiff's Motion to Compel is **GRANTED** as to discovery of the financial information he seeks from outside the United States **since May 8, 2017**. Defendants may opt to produce a financial summary of this information, as they did for domestic revenue. Dkt. 40-5.

### 3. Live Set Lists

Finally, Plaintiff moves to compel documents responsive to his Requests for Production Nos. 52 and 53, which seek documents sufficient to show the set list for any Nickelback performance in which the band did not perform *Rockstar* since 2006 within and outside the United

8

States, respectively. Dkt. 40 at 15; Dkt. 40-2 at 37-38; Dkt. 40-4 at 37-38. Defendants note that set list information is publicly available and construe Plaintiff's requests more broadly, as actually "seeking concert revenues, consistent with the parties' meet-and-confer discussion." Dkt. 43 at 9 n.14. To the extent that Plaintiff is seeking concert revenues, Defendants respond that "any performance monies Defendants received in connection with the live performance of Defendants' Work in the United States have already been accounted for in the earnings summary produced to Plaintiff," which lists a "performance" income group. Dkt. 43 at 10; Dkt. 40-5.

As Plaintiff's Motion to Compel is unclear and Plaintiff does not address his requests for live set lists in his Reply, the Court construes Plaintiff's requests as seeking concert revenues, consistent with Defendants' Response. For the reasons discussed above, the Court finds that Defendants' financial summary is sufficient as to U.S. performances and therefore **(1) DENIES** Plaintiff's Motion to Compel with respect to his Request for Production No. 52, but **(2) GRANTS** Plaintiff's Motion with respect to his Request for Production No. 53 to the extent that Defendants must provide a **summary** of performance monies they received in connection with the live performance of Defendants' Work outside the United States **since May 8, 2017**.

### IV.    Conclusion

Based on the foregoing, Plaintiff's Motion to Compel Discovery (Dkt. 40) is **GRANTED IN PART** as to discovery of the requested foreign financial information **since May 8, 2017** and otherwise **DENIED**. All relief not expressly granted in this Order is **DENIED**.

It is **FURTHER ORDERED** that this case be **REMOVED** from the undersigned Magistrate Judge's docket and **RETURNED** to the docket of the Honorable Robert Pitman.

**SIGNED** on August 26, 2022.

SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE