IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| KIRK JOHNSTON, <br> *Plaintiff* <br><br> v. <br><br> CHAD KROEGER, MICHAEL KROEGER, RYAN PEAKE, DANIEL ADAIR, ROADRUNNER RECORDS, INC., and WARNER/ CHAPPELL MUSIC, INC., <br> *Defendants* | § § § § § § § § § § § § §  Case No. 1:20-cv-00497-RP |

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

TO: THE HONORABLE ROBERT PITMAN
UNITED STATES DISTRICT JUDGE

Now before the Court are Defendants' Motion for Attorneys' Fees Pursuant to 17 U.S.C. § 505 (Dkt. 74) and Bill of Costs (Dkt. 75), both filed April 14, 2023; Plaintiff's Objections to Request for Bill of Costs and Opposition to Defendants' Motion for Attorneys' Fees, filed April 28, 2023 (Dkt. 78); and Defendants' Reply, filed May 5, 2023 (Dkt. 79), with an amended supporting declaration filed May 7, 2023 (Dkt. 80). By Text Order entered April 17, 2023, the District Court referred the motion to this Magistrate Judge for a report and recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72, and Rule 1(d) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas ("Local Rules").

I. Background

Plaintiff Kirk Johnston sued Chad Kroeger, Michael Kroeger, Ryan Peake, Daniel Adair, Roadrunner Records, Inc., and Warner Chappell Music, Inc. for copyright infringement. Defendants are the individual members of the group Nickelback and the record label and musical publishing company that distribute Nickelback's work. On March 16, 2023, the District Court

granted summary judgment for Defendants and entered judgment dismissing Plaintiff's claims with prejudice. Dkt. 71; Dkt. 72. Plaintiff has appealed the judgment to the Fifth Circuit Court of Appeals, where the appeal remains pending. *See* Dkt. 73; *Johnston v. Kroeger*, Case No. 23-5054 (5th Cir. Apr. 14, 2023). Defendants now move the Court for an award of $592,482.13 in attorneys' fees and $9,650.10 in costs. Johnston opposes the motion.

## II.     Analysis

The Copyright Act authorizes a court to award full costs and reasonable attorneys' fees to the prevailing party. 17 U.S.C. § 505. Defendants are the prevailing parties because the Court granted their motion for summary judgment. *See, e.g., McGaughey v. Twentieth Century Fox Film Corp.*, 12 F.3d 62, 65 (5th Cir. 1994) (affirming award of attorneys' fees when defendant was granted summary judgment). Although this case is on appeal, a district court retains jurisdiction to resolve motions for attorneys' fees while a judgment on the merits is pending on appeal. *Procter & Gamble Co. v. Amway Corp.*, 280 F.3d 519, 524-25 (5th Cir. 2002). "Such motions are collateral to the merits, so the appeal does not divest the district court of jurisdiction." *Id.* The Court thus has jurisdiction to address the merits of Defendants' motion.

### A. Attorneys' Fees

An award of attorneys' fees to the prevailing party in a copyright action is "the rule rather than the exception and should be awarded routinely. Nevertheless, recovery of attorney's fees is not automatic." *Virgin Recs. Am., Inc. v. Thompson*, 512 F.3d 724, 726 (5th Cir. 2008) (cleaned up). It is a matter of the district court's discretion. *Bell v. Eagle Mountain Saginaw Indep. Sch. Dist.*, 27 F.4th 313, 326 (5th Cir. 2022). "We cannot overemphasize the concept that a district court has broad discretion in determining the amount of a fee award." *Assoc. Builders & Contractors of La. Inc. v. Orleans Par. Sch. Bd.*, 919 F.2d 374, 379 (5th Cir. 1990).

Copyright law "ultimately serves the purpose of enriching the general public through access to creative works." *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 527 (1994). "The statute achieves that end by striking a balance between two subsidiary aims: encouraging and rewarding authors' creations while also enabling others to build on that work. Accordingly, fee awards under § 505 should encourage the types of lawsuits that promote those purposes." *Kirtsaeng v. John Wiley & Sons, Inc.*, 579 U.S. 197, 204 (2016) (citing *Fogerty*, 510 U.S. at 526).

In *Fogerty*, the Supreme Court held that in awarding attorneys' fees under the Copyright Act, courts must treat prevailing defendants the same as prevailing plaintiffs.

> Prevailing plaintiffs and prevailing defendants are to be treated alike, but attorney's fees are to be awarded to prevailing parties only as a matter of the court's discretion. "There is no precise rule or formula for making these determinations," but instead equitable discretion should be exercised "in light of the considerations we have identified."

*Id.*, 510 U.S. at 534 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 436-37 (1983)). A court's discretion may be guided by such nonexclusive factors as "frivolousness, motivation, objective unreasonableness (both in the factual and in the legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." *Id.* at 534 n.19 (citation omitted).

The Court has considered the relevant factors, the parties' arguments, and the entire record. Although finding the question to be a very close one, this Magistrate Judge recommends against an attorney fee award, for the reasons explained below.

**1. Frivolousness**

First, the Court finds that Johnston's claims were not frivolous. "There is a difference between a suit that is 'without merit' and one that is 'patently frivolous.'" *Randolph v. Dimension Films*, 634 F. Supp. 2d 779, 794 (S.D. Tex. 2009). A claim is wholly insubstantial and frivolous if it is

3

foreclosed by previous decisions of the Supreme Court. *WickFire, L.L.C. v. Woodruff*, 989 F.3d 343, 349 (5th Cir. 2021). A losing claim is not frivolous when it has legal and factual undergirding. *CoreClarity, Inc. v. Gallup, Inc.*, No. 4:20-CV-00601, 2020 WL 6741062, at *2 (E.D. Tex. Nov. 17, 2020) (citing *Creations Unlimited Inc. v. McCain*, 112 F.3d 814, 817 (5th Cir. 1997)).

A claim for copyright infringement has three elements: (1) ownership of a valid copyright; (2) factual copying; and (3) substantial similarity. *Armour v. Knowles*, 512 F.3d 147, 152 (5th Cir. 2007) (per curiam). To establish factual copying, a plaintiff must show that the defendant actually used the copyrighted material to create his own work. *Batiste v. Lewis*, 976 F.3d 493, 502 (5th Cir. 2020). Absent direct evidence of copying, a plaintiff can raise an inference of factual copying from "(1) proof that the defendant had access to the copyrighted work prior to creation of the infringing work and (2) probative similarity." *Positive Black Talk Inc. v. Cash Money Recs., Inc.*, 394 F.3d 357, 368 (5th Cir. 2004) (quoting *Peel & Co. v. Rug Mkt.*, 238 F.3d 391, 394 (5th Cir. 2001)), *abrogated on other grounds by Reed Elsevier, Inc. v. Muchnik*, 559 U.S. 154 (2010). Lacking proof of access, a plaintiff may raise an inference of factual copying if the works are "strikingly similar." *Batiste*, 976 F.3d at 502.

Johnston claimed that Nickelback's song *Rockstar*, released in 2005, copied his 2001 song *Rock Star*. At the motion to dismiss stage, when a plaintiff's allegations are taken as true, this Court recommended that the District Court deny Defendants' motion to dismiss because it found that (1) Johnston sufficiently pleaded access and substantial similarity, and (2) after listening to the two songs, "it is possible for a reasonable juror to determine that the works share protectable elements." Dkt. 27 at 7. Because Johnston's claim did not lack an arguable basis either in law or in fact, the Court finds that it was not frivolous. This factor weighs against a fee award.

4

### 2. Objective Reasonableness

Objective reasonableness is "an important factor in assessing fee applications—not the controlling one." *Kirtsaeng*, 579 U.S. at 208. Courts "should give substantial weight to the objective reasonableness of the losing party's position," but have discretion to award fees "even when the losing party advanced a reasonable claim or defense." *Id.* at 199-200.

"A claim is more likely to be found frivolous or objectively unreasonable . . . when the lack of similarity between the unsuccessful plaintiff's work and the allegedly infringing work are obvious." *Randolph*, 634 F. Supp. 2d at 794. On summary judgment, the Court found that Johnston failed to raise a genuine issue of material fact as to factual copying, an essential element of his copyright infringement case. He raised no fact issue as to any access by Nickelback to his song. Dkt. 67 at 6. The Court also found that Nickelback's allegedly infringing song was not strikingly similar to Johnston's, concluding that the two songs "do not sound alike" and lacked lyrical similarities beyond unprotectable *scènes à faire* of life as a "rock star." Dkt. 67 at 9-11.

Johnston contends that he "brought objectively reasonable claims in good faith." Dkt. 78 at 6. Although not dispositive, Johnston's claim had some support from a musicologist who opined that the parties' songs shared substantial similarities, particularly with respect to their "hooks" (Johnston's "gonna be a rock star someday" and Nickelback's "hey, hey, I wanna be a rock star"). *See* Dkt. 61-1 at 258. Johnston also offered some evidence demonstrating, at most, a "bare possibility of access." Dkt. 67 at 6 (quoting *Batiste*, 976 F.3d at 503).

The Court questions whether the legal components of Johnston's meritless copyright claims were objectively reasonable. But because he proffered at least some factual support for his claims, the Court finds the objective reasonableness factor to be neutral.

3. **Motivation**

When a losing party offers reasonable arguments, a court may order fee-shifting due to litigation misconduct or to deter repeated instances of copyright infringement or overaggressive assertions of copyright claims. *Kirtsaeng*, 579 U.S. at 209. Johnston contends that he pursued this litigation not in bad faith but because he "subjectively believes his song was copied." Dkt. 78 at 11. As evidence of improper motivation, Defendants point to Johnston's settlement demand of $5 million, discussed below. They also argue that:

> Plaintiff's decision to continue prosecuting this lawsuit in the face of his utter lack of access evidence, the dissimilarity of the works at issue, and the dispositive legal authority regarding the non-protectability of any purported similarities, combined with his 15-year delay in bringing suit and Defendants' stature in the music industry, are "hallmarks" of improper motivation and bad faith.

Dkt. 74 at 11 (quoting *Porto v. Guiris*, 659 F. Supp. 2d 597, 617 (S.D.N.Y. 2009)).

The Court finds that while these arguments do raise questions as to Johnston's motivation, Defendants have not shown that he has acted in bad faith. *See Randolph*, 634 F. Supp. 2d at 795 ("The cases that find a bad-faith basis for filing a copyright infringement suit involve some direct evidence of improper motive that is lacking here."). Defendants do not assert that Johnston engaged in litigation misconduct, or that he has pursued other copyright infringement claims. *Cf., e.g.*, *Berg v. M&F Western Prods., Inc.*, No. 6:19-cv-00418-JDK, 2021 WL 2646223, at *3 (E.D. Tex. June 28, 2021) (awarding fees to copyright defendant when plaintiff identified 27 other companies "'lined up for litigation' and was actively sending demand letters that used this case to feign leverage," and his "motive in this case seems improper, especially when considering that his copyright claims were frivolous and objectively unreasonable"). Because Johnston's pursuit of this case lacks sufficient characteristics of improper motivation, this factor weighs slightly against a fee award.

### 4. Considerations of Compensation and Deterrence

Finally, Defendants argue that because Johnston's copyright infringement claim was objectively unreasonable, deterrence is an important factor. They assert that he "has a history of litigiousness," citing three other cases Johnston has filed in state and federal court since 2012, including one in which summary judgment was granted to the defendant. Dkt. 74 at 13 n.5.

Johnston responds that he "is an individual who would likely be forced to file for bankruptcy if the Court awards any part of Warner's claim for fees." Dkt. 78 at 11. Despite this assertion, the Court observes that Johnston is represented by attorneys from two different law firms. He has pursued this case for more than three years, since May 2020, and continues to do so on appeal.

Johnston's claims required Defendants to incur expenses for:

- Conducting a factual investigation
- Filing a motion to dismiss
- Participating in written discovery and document review
- Successfully opposing Plaintiff's motion to compel
- Overseeing preparation of an expert musicologist report
- Taking and defending ten depositions
- Preparing a motion for summary judgment, and
- Opposing Plaintiff's motion for partial summary judgment.

Dkt. 74-1 ¶ 15. In May 2022, when this action had been pending for two years, Johnston made a written settlement demand of $5 million. *Id.* ¶ 16. Defendants offered to pay him $25,000 and forgo their fees and costs if he dismissed his case before they "were forced to incur the time and expense of summary judgment." *Id.* Johnston declined. Again, after the District Court entered judgment in Defendants' favor, they offered to forgo fees and costs if Johnston waived his right to appeal. *Id.* ¶ 17. Again, he declined.

7

The Supreme Court instructs that "defendants who seek to advance a variety of meritorious copyright defenses should be encouraged to litigate them to the same extent that plaintiffs are encouraged to litigate meritorious claims of infringement." *Fogerty*, 510 U.S. at 527. The Court finds that a fee award to Defendants would promote the purposes of the Copyright Act by "encouraging and rewarding authors' creations." *Kirtsaeng*, 579 U.S. at 204. By deterring meritless claims and compensating defendants for advancing meritorious defenses, the final factor weighs heavily in favor of a fee award.

### 5. Conclusion as to Fee Award

The Court is guided by the *Fogerty* factors and identifies no other factors relevant to an award of attorneys' fees. While the deterrence of meritless litigation weighs strongly in favor of a fee award, the other three factors are either neutral or weigh against an award. Therefore, this Magistrate Judge recommends that the District Court exercise its equitable discretion to deny Defendants' motion for attorneys' fees.

## B. Costs

Rule 54(d)(1) provides that costs "should be allowed to the prevailing party." "Unlike attorneys' fees, statutory costs are generally awarded to the prevailing party as a matter of course." *Stross v. Redfin Corp.*, No. A-15-CA-00223-SS, 2016 WL 11782817, at *6 (W.D. Tex. Dec. 22, 2016). The Fifth Circuit recognizes a strong presumption that costs will be awarded to a prevailing party. *Energy Mgmt. Corp. v. City of Shreveport*, 467 F.3d 471, 483 (5th Cir. 2006).

Defendants seek $9,650.10 in costs for certified transcripts of nine depositions "necessarily obtained for use in the case." Dkt. 75 at 1. These costs are recoverable under 28 U.S.C. § 1920 and § 505 of the Copyright Act. *Rimini St., Inc. v. Oracle USA, Inc.*, 139 S. Ct. 873, 876 (2019).

Defendants filed their Bill of Costs on April 14, 2023, within 30 days of entry of the Final Judgment on March 16, 2023. Under Local Rule CV-54(a)(2), Johnston was required to notify Defendants of his opposition within seven days, after which the parties must confer. Johnston failed to do so and makes no specific objection to Defendants' Bill of Costs in his Objections to Request for Bill of Costs and Opposition to Defendants' Motion for Attorneys' Fees, filed April 28, 2023. Dkt. 78. The Court agrees with Defendants that Johnston has waived any opposition to their Bill of Costs. Dkt. 79 at 7.

In the Final Judgment, the District Court ordered that "each party bear its own costs" and also that "the parties may file a motion for attorney's fees and costs . . . within 30 days of the date of this order." Dkt. 72. This Magistrate Judge recommends that the District Court exercise its discretion to amend the Final Judgment, if needed, and award Defendants $9,650.10 in costs.

### III.   Recommendation

For these reasons, this Magistrate Judge **RECOMMENDS** that the District Court **DENY** Defendants' Motion for Attorneys' Fees Pursuant to 17 U.S.C. § 505 (Dkt. 74); **GRANT** Defendants' Bill of Costs (Dkt. 75) and award Defendants $9,650.10 in costs; and **AMEND** the Final Judgment (Dkt. 72) to the extent the District Court may find appropriate in accordance with these recommendations.

It is **FURTHER ORDERED** that the Clerk **REMOVE** this case from the Magistrate Court's docket and **RETURN** it to the docket of the Honorable Robert Pitman.

### IV.   Warnings

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v.*

*United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except on grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

    **SIGNED** on September 14, 2023.

                                                                                          SUSAN HIGHTOWER
                                                                                          UNITED STATES MAGISTRATE JUDGE